US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
03/22/2021

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 6:20CR60033-001 |
| v. ) | |
| ) | |
| AARON EDWARD BRIGGS ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Plea Agreement. The agreement of the parties is as follows:

### PLEA OF GUILTY TO COUNT TWO OF INDICTMENT

1. The Defendant, Aaron Edward Briggs, hereby agrees to plead guilty to Count Two of the Indictment returned by the grand jury on October 7, 2020, that charges the Defendant with production of an image of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251. If the Court accepts this Plea Agreement, once the Court has pronounced sentence, the United States will move to dismiss Counts One and Three of the Indictment.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

2. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which he is pleading guilty. The Defendant has committed each of the elements of the crime to which he is pleading guilty and admits there is a factual basis for this guilty plea. The following facts are true and undisputed:

1

a. The Defendant, AARON EDWARD BRIGGS (BRIGGS), became acquainted with JANE DOE through C.J., JANE DOE's cousin. BRIGGS and C.J. lived in Malvern, Arkansas, and had a child together. JANE DOE frequently visited the home that BRIGGS and C.J. shared in Malvern.

b. Beginning in 2019 at an unknown date, BRIGGS, who was then 26 years old, and JANE DOE, who was then 15 years old, engaged in sexual relations that included intercourse and oral sex. During the period of time BRIGGS engaged in sexual activities with JANE DOE, BRIGGS sent an image of his penis to JANE DOE via Facebook Messenger.

c. Evidence obtained pursuant to a search warrant issued to Facebook, Inc. for records of BRIGGS' Facebook content proves that between on or about June 1, 2019, and on or about June 11, 2019, BRIGGS contacted JANE DOE via Facebook Messenger and asked JANE DOE to video her anus and provide a video of her anus to him. Specifically, on or about June 1, 2019, BRIGGS sent a message via Facebook Messenger to JANE DOE stating that, "Well go video yuslf [sic] now and f--- your a-s" and "I want to c as- f---ed. Too."[1] These quotes are representative samples of messages that BRIGGS sent to JANE DOE via Facebook Messenger which prove beyond a reasonable doubt that BRIGGS intended to use, persuade, induce, and entice JANE DOE, a minor, to produce a visual image of herself engaging in sexually explicit conduct, and that BRIGGS intended for JANE DOE to transmit visual images of herself engaging in sexually explicit conduct to BRIGGS so he could see the sexually explicit images of JANE DOE that he had asked her to produce.

---

[1] The exact content of the quoted Facebook Messages sent by BRIGGS to JANE DOE has been partially redacted due to the nature of the verbiage.

      d.      As a result of BRIGGS' request that JANE DOE produce a video and send BRIGGS a video that depicted JANE DOE engaging in sexually explicit conduct, JANE DOE used her cell phone to produce a video focused upon her vagina as she inserted her finger inside her vagina. JANE DOE also used her cell phone to produce still images (photographs) of her exposed vagina as the focus of the still images. JANE DOE sent the video and photographs depicting her vagina as the focus of the video and photographs to BRIGGS using Facebook Messenger, an internet messaging application and platform developed by Facebook, Inc. for users to send messages and exchange photographs, videos, and audio files, via the internet, and for users to react to other users' messages via the internet. The video and photographs JANE DOE took at BRIGGS' request depicted images of a minor engaged in sexually explicit conduct, as the term sexually explicit conduct is defined in Title 18, United States Code, Section 2256. The cell phone JANE DOE used to produce the video and photographs of herself engaged in sexually explicit conduct was manufactured outside the State of Arkansas; therefore, the video and photographs that depicted JANE DOE, a minor, while engaged in sexually explicit conduct, were produced with materials that had been transported in and affecting interstate and foreign commerce. Further, the sexually explicit video and photographs JANE DOE produced at BRIGGS' request were sent to BRIGGS through the internet, a means and facility of interstate wire communication. BRIGGS used, persuaded, induced, and enticed JANE DOE to produce a video and photographs with intent that JANE DOE engage in sexually explicit conduct for the purpose of producing those visual depictions when BRIGGS was in the Western District of Arkansas, Hot Springs Division. The video and photographs of JANE DOE engaged in sexually explicit conduct were transmitted via the internet and received by BRIGGS when he was in the Western District of Arkansas, Hot Springs Division.

e. The Defendant, AARON EDWARD BRIGGS, stipulates, agrees, and admits that between on or about June 1, 2019, and on or about June 11, 2019, in the Western District of Arkansas, Hot Springs Division, he used, persuaded, induced, and enticed a minor, JANE DOE, to engage in sexually explicit conduct, as the term sexually explicit conduct is defined in Title 18, United States Code, Section 2256, with intent that JANE DOE engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely, a video and photographs that focused on JANE DOE's vagina, knowing that such visual depictions were transmitted and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce, namely, the internet via Facebook Messenger.

## ADVICE OF RIGHTS

3. The Defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

   a. to have an attorney and if he cannot afford an attorney, to have one provided to him and paid for at the United States' expense;
   b. to persist in his plea of not guilty;
   c. to have a speedy and public trial by jury;
   d. to be presumed innocent until proven guilty beyond a reasonable doubt;
   e. to confront and examine witnesses who testify against him;
   f. to call witnesses on his behalf;
   g. to choose to testify or not testify and that no one could force him to testify; and
   h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

4. The Defendant hereby acknowledges that he understands with respect to the one count to which he pleads guilty, he thereby WAIVES all of the rights listed in (b) through (h) of the above paragraph.

4

## WAIVER OF ACCESS TO RECORDS

5. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

6. The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

7. The Defendant agrees that if after signing this Plea Agreement he commits any crimes or provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or if the Defendant violates any term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this Plea Agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of this Plea Agreement, and will not be allowed to withdraw his plea of guilty unless permitted to do so by the Court.

8. The Defendant further agrees that a breach of any provision of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal

Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

a. admissions against interest, both oral and written, made by Defendant to any person;
b. statements made by the Defendant during his change of plea hearing;
c. the factual basis used at the change of plea hearing;
d. any testimony given under oath to a grand jury or petit jury;
e. any and all physical evidence of any kind which the Defendant has provided to the United States; and
f. any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

9. In exchange for the United States' concessions in this Plea Agreement, the Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, as follows:

a. the Defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);
b. the Defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;
c. the Defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the Defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S. Ct. 738 (2005);
d. the Defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;
e. the Defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the United States;
f. the Defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and
g. the Defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## MAXIMUM PENALTIES

10. The Defendant hereby acknowledges that he has been advised of the maximum penalties for Count Two that charges the Defendant with production of an image of a minor

engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251.  By entering a plea of guilty to Count Two of the Indictment, the Defendant agrees that he faces:

    a. a mandatory minimum term of imprisonment of not less than fifteen (15) years and a maximum term of imprisonment of not more than thirty (30) years;
    b. a maximum fine of $250,000.00;
    c. both imprisonment and a fine;
    d. a term of supervised release of not less than five years or life, pursuant to 18 U.S.C. § 3583(k), which begins after release from prison;
    e. a possibility of going back to prison if the Defendant violates the conditions of supervised release;
    f. a special assessment of $100.00;
    g. an additional special assessment of $5,000.00 shall be imposed pursuant to 18 U.S.C. § 3014, unless the sentencing court finds the Defendant to be indigent;
    h. In addition to any other criminal penalty, restitution, or special assessment authorized by law, the sentencing court shall assess not more than $50,000.00 on any person convicted of a child pornography production offense, pursuant to 18 U.S.C. § 2259A and;
    i. Mandatory restitution pursuant to 18 U.S.C. § 2259 for the full amount of the victim's losses, as the term "victim's losses" is defined in 18 U.S.C. § 2259(c)(2).

## CONDITIONS OF SUPERVISED RELEASE

11.    The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court.  The standard conditions of supervised release are as follows:

    a. The Defendant shall report to the Probation Office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the Probation Officer instructs the Defendant to report to a different Probation Office or within a different time frame.
    b. After initially reporting to the Probation Office, the Defendant will receive instructions from the Court or the Probation Officer about how and when to report to the Probation Officer, and the Defendant shall report to the Probation Officer as instructed.
    c. The Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or the Probation Officer.

    d.    The Defendant shall answer truthfully the questions asked by the Probation Officer.

    e.    The Defendant shall live at a place approved by the Probation Officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

    f.    The Defendant shall allow the Probation Officer to visit the Defendant at any time at his home or elsewhere, and the Defendant shall permit the Probation Officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.

    g.    The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses the Defendant from doing so. If the Defendant does not have full-time employment he shall try to find full-time employment, unless the Probation Officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

    h.    The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

    i.    If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the Probation Officer within 72 hours.

    j.    The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

    k.    The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

    l.    If the Probation Officer determines that the Defendant poses a risk to another person (including an organization), the Probation Officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that the Defendant has notified the person about the risk.

    m.    The Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## DEFENDANT'S ACKNOWLEDGMENT OF
## REQUIREMENT TO REGISTER AS A SEX OFFENDER

12.     I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information.  I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status.  I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## RESTITUTION PURSUANT TO 18 U.S.C. § 2259

13.     The Defendant agrees and acknowledges that victim restitution in this case is governed by the provisions of 18 U.S.C. § 2259 and will be calculated during the preparation of the PSR and finally determined by the court at the sentencing hearing.  The Defendant acknowledges that restitution imposed is not dischargeable in any bankruptcy proceeding pursuant to 18 U.S.C. § 3613(e).

## PAYMENT OF MONETARY PENALTIES

14.     The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided

in 18 U.S.C. § 3613c, and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

15.     The United States agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

16.     The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

17.     The Defendant acknowledges that discussions have taken place concerning the possible guideline range that might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater that the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

18.  At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to Defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of the Plea Agreement and as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

19.  In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

20.  The United States agrees not to object to a finding by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility.  If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.  However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

   a.  falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement;
   b.  falsely denies additional relevant conduct in the offense;
   c.  is untruthful with the United States, the Court or Probation Officer; or
   d.  materially breaches this Plea Agreement in any way.

11

## UNITED STATES' RESERVATION OF RIGHTS

21.  Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

   a. make all facts known to the Probation Office and to the Court;
   b. call witnesses and introduce evidence in support of the Presentence Report;
   c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
   d. contest and appeal any departure from the appropriate Guideline range;
   e. defend the rulings of the District Court on appeal, even those for factors on which the United States has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

22.  The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure.  As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

23.  The United States' agreement to dismiss certain counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.  As a result, if the Court should reject the United States' motion to dismiss the agreed counts of the Indictment, the Defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

24.  The parties agree that nothing in this agreement binds the District Court to:

   a. make any specific finding of fact;

12

    b.    make any particular application of the Sentencing Guidelines;
    c.    hand down any specific sentence;
    d.    accept this Plea Agreement.

25.    The United States and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

26.    The parties agree that this Plea Agreement does not bind any Governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESMENTS

27.    The Defendant agrees that he will pay $100.00 as the special assessment in this case. An additional special assessment of $5,000.00 shall be imposed pursuant to 18 U.S.C. § 3014, unless the sentencing court finds the Defendant to be indigent. In addition to any other criminal penalty, restitution, or special assessment authorized by law, the sentencing court shall assess not more than $50,000.00 on any person convicted of a child pornography production offense, pursuant to 18 U.S.C. §2259A.

## REPRESENTATIONS BY THE DEFENDANT

28.    By signing this Plea Agreement, the Defendant acknowledges that:

a. The Defendant has read this agreement and carefully reviewed every part of it with defense counsel.
b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.
c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

### REPRESENTATIONS BY DEFENSE COUNSEL

29. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

a. Counsel has carefully reviewed every part of this agreement with the Defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.
b. Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.
c. The Defendant's decision to enter into this agreement is an informed and voluntary one.

### PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

30. The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this 18 day of March, 2021.

_____
Aaron Edward Briggs
Defendant

_____
Benjamin D. Hooten
Attorney for Defendant

David Clay Fowlkes
Acting United States Attorney

By: _____
Kyra E. Jenner
Assistant U.S. Attorney