IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 6:20CR60033-001 |
| v.  ) | |
| ) | |
| AARON EDWARD BRIGGS  ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through David Clay Fowlkes, Acting United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, and for its Response to Defendant's Sentencing Memorandum (Doc. 33) states as follows:

**PROCEDURAL BACKGROUND AND INTRODUCTION**

The Defendant, Aaron Edward Briggs (Briggs), pled guilty on March 22, 2021, to Count Two of the Indictment that charged him with production of an image of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2251(a) and (e). Pursuant to a written Plea Agreement (Doc. 24), the Government has agreed to dismiss Count One of the Indictment that charged the Defendant with knowingly distributing an image of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and Count Three of the Indictment that charged the Defendant with using a means and facility of interstate and foreign commerce to knowingly transfer obscene material to Jane Doe, who had not yet attained the age of 16 years, in violation of 18 U.S.C. § 1470.

The statutory minimum term of imprisonment for the count of conviction is 15 years and the maximum term of imprisonment is 30 years. (Doc. 28, ¶ 76). The final Presentence

Investigation Report ("PSR") filed June 17, 2021, calculated the advisory guideline range of imprisonment under U.S.S.G. §§ 2G2.1 and 4B1.5 at 360 months to Life; noting that, "the statutorily authorized maximum sentence of 30 years is less than the maximum guideline range; therefore, the guideline range is 360 months." (Doc. 28, ¶ 77). Neither party filed objections to the PSR.

The Defendant's Sentencing Memorandum filed July 16, 2021, urges this Court to impose a sentence below the guideline range of 360 months' imprisonment. The Defendant contends this Court should adopt the reasoning enunciated by the district court in the Northern District of Iowa and sentence Briggs below the advisory guideline range because "the enhancements of §§ 2G2.1 and 4B1.5 improperly skew sentences upward, without regard to defendant's history and characteristics, specific conduct or degree of culpability, blurring distinctions between least and worst offenders and they do not reflect empirical analysis but congressional mandates that undermined work of Sentencing Comm'n." (Doc. 33, p. 6, *citing United States v. Jacob*, 2009 WL 1849942, *16, *24 (N.D. Iowa June 26, 2009)).

The Government asserts a downward variance in this case would seriously undercut the sentencing goals and objectives in 18 U.S.C. § 3553(a). The Government asks this Court to sentence Briggs to 30 years' incarceration.

### A Thirty-Year Sentence of Imprisonment is Warranted Pursuant to 18 U.S.C. § 3553(a) Factors

The defendant's history and characteristics and the specific conduct and degree of culpability of Briggs' offense conduct reinforce, not vitiate, the need to impose a statutory maximum sentence of imprisonment. A thirty-year sentence reflects the seriousness of Briggs' criminal conduct with Jane Doe. Further, Briggs' history and characteristics of recidivism, i.e., Briggs' prior conviction involving similar criminal sexual conduct with another minor female, do

not warrant a downward variance. An analysis of the statutory sentencing considerations in § 3553(a) provides sound and ample justification for this Court to impose a 30-year sentence of imprisonment on Briggs in order to reflect the totality of the seriousness of the offense conduct and the attendant circumstances surrounding the count of conviction, impress upon Briggs the need to respect the law and not recidivate, promote deterrence by minimizing the period of time Briggs has to be amongst society with his proclivity to reoffend, and to protect the public, primarily families with minor females and minor females themselves, from Briggs' predatory conduct.

The conduct Briggs has engaged in reveal a history and his characteristics of committing serious crimes against minor females. Briggs has demonstrated a pattern of insinuating himself in families with minor females where he can have unfettered access to victims. He then cultivates illicit relationships with the minor females and proceeds to abuse them for his selfish criminal sexual purposes. He does not target random victims who are unknown to him; he offends on those who consider him kin. These are aggravating factors in his history and about his characteristics.

Briggs has been involved in criminal sexual conduct with multiple minor females since at least 2012, when he "engaged in oral and vaginal sexual intercourse with [his] girlfriend's younger sisters who were ages 15 and 16 when their relationships began . . . The defendant reportedly bribed the girls with money, cigarettes, and other items in exchange for sex." (PSR, ¶ 43). As a result, Briggs was convicted and sentenced in Louisiana in 2012 for committing Carnal Knowledge of a Juvenile. That sentence, however, failed to get Briggs' attention. By 2019, Briggs had initiated a sexual relationship with Jane Doe, also 15 years old. This repeat behavior indicates Briggs believes himself exempt from obeying laws that are intended by society to protect minors. A thirty-year sentence of imprisonment will impress a respect for the law upon Briggs.

When Briggs committed the offense of conviction, he was 11 years older than Jane Doe. He had more life experience and maturity than Jane Doe possessed. Briggs recognized he could take advantage of Jane Doe's misplaced desire for his attention and affection. He manipulated Jane Doe by initiating what 15-year-old Jane Doe believed was a "consensual" sexual relationship. (PSR, ¶¶ 14, 16-17). It is significant that Briggs' sexual activity with Jane Doe was not an isolated, one-time occurrence. He began his sexual relationship with Jane Doe in the summer of 2019 and continued it through at least early October 2019, when it ended only because law enforcement had instigated a criminal investigation into Briggs' activities with Jane Doe. Briggs' solicitation of Jane Doe to take and send sexually explicit images to him was not a solitary, one-time request; he persuaded Jane Doe to produce multiple images of her genitalia during Facebook Messenger chats that spanned nine days in June 2019 and she responded by sending sexually explicit still images and videos of herself to Briggs. (PSR, ¶¶ 11, 16). Briggs perpetuated the illicit nature of his relationship with Jane Doe by sending an image of his penis to her on September 26, 2019, while she happened to be attending school. (PSR, ¶ 12). The reoccurring illegal hands-on sexual activity with Jane Doe, the ongoing Facebook Messenger communications between Briggs and Jane Doe that revealed persistent pressure he put on Jane Doe to produce sexually explicit images for his consumption, and the number and nature of the sexually explicit images Jane Doe supplied to satisfy his requests all underscore the seriousness of the offense and merit a sentence of 30 years' imprisonment.

Deterrence and protection of the public are factors that weigh heavily in favor of a 30-year sentence. Briggs appears to have an insidious *modus operandi* in committing criminal acts with minors by becoming involved in a romantic relationship with a female who has minor female family members that Briggs intends to exploit. Briggs must be deterred from ingratiating himself

within another unsuspecting family and committing criminal acts with minor female family members whom he can easily access and victimize, for as long as the statutory maximum sentence allows him to be imprisoned. Protecting the public from Briggs' criminal conduct is paramount.

Based upon these considerations, other unobjected-to facts from the PSR, and information from victim allocution at the sentencing hearing, the Government will ask this Court to impose a sentence of imprisonment of 30 years in recognition and furtherance of the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

David Clay Fowlkes
Acting United States Attorney

By:   */s/ Kyra E. Jenner*
Kyra E. Jenner
Assistant U.S. Attorney
Arkansas Bar No. 2000041
414 Parker Avenue
Fort Smith, AR 72901
Telephone: (479) 783-5125
Email: kyra.jenner@usdoj.gov

## CERTIFICATE OF SERVICE

I, Kyra E. Jenner, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on July 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which, will send notification of such filing and a copy of the foregoing was sent via email to the following:

Benjamin Dallas Hooten, attorney for Defendant, Benhooten@yahoo.com
Tammy S. Albritton, U.S. Probation Officer, Tammy_Albritton@arwp.uscourts.gov

*/s/ Kyra E. Jenner*
Kyra E. Jenner
Assistant U.S. Attorney

5