# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**CRIMINAL NO.  6:20CR60033-001**          USA V. **Aaron Edward Briggs**

**COURT PERSONNEL:**          **APPEARANCES:**

**JUDGE Susan O. Hickey**          **GOVERNMENT Kyra E. Jenner**

**CLERK Robin Gray**          **DEFENDANT Benjamin D. Hooten - CJA**

**REPORTER Felisha Burson**          **USPO Tammy Albritton**

## SENTENCING MINUTES

On this date the above named defendant appeared in person and with counsel and remains under oath.

- (X) Inquiry made that defendant is not under influence of alcohol or drugs and is able to comprehend proceedings.
- (X) Inquiry made whether defendant is under the care of a physician or taking any medication and is able to comprehend proceedings.
- (X) Inquiry made that defendant is satisfied with counsel.
- (X) Court determined that defendant and counsel have had opportunity to read and discuss presentence investigation report.
- (X) Presentence investigation report reviewed in open court.
- (X) Counsel for defendant afforded opportunity to speak on behalf of defendant.
- (X) Defendant afforded opportunity to make statement and present information in mitigation of sentence.
- (X) Victim Impact Statement.
- (X) Attorney for government afforded opportunity to make statement to court.
- (X) Court proceeded to impose sentence as follows**: The defendant is sentenced to 360 months in the Bureau of Prisons with credit for time served in federal custody. 15 years of Supervised Release is ordered.  The Court recommends that the defendant participate in substance abuse treatment while incarcerated.**
- (X) While on supervised release, the defendant shall not commit any federal, state, or local crime; the defendant shall be prohibited from possessing a firearm or other dangerous device. In addition, the defendant shall not possess a controlled substance, and shall submit to drug testing in accordance with 18 U.S.C. § 3583(d). Pursuant to 18 U.S.C. § 3583(d), the defendant shall cooperate and submit to the collection of a DNA sample, if the collection of such sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000. The defendant shall comply with the standard conditions of supervised release as set out by this Court.

**6:20cr60033-001**

(X)   Defendant ordered to comply with the following special conditions of Supervised Release:

1. **Submit to all reasonable searches of person, residence, vehicle, place of employment, papers, computers, other electronic communication or date storage devices or media upon reasonable suspicion of a violation of Supervised Release by the U.S. Probation Officer. Failure to submit to search may be grounds for revocation.**

2. **Except for purposes of employment the defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photograph storage capabilities, without prior advance notice and approval of the U.S. Probation Office. Reasonable requests by the defendant for such approval should not be denied, provided that the defendant allows the U.S. Probation Office to install Internet-monitoring software, which the defendant will pay for, and the defendant submits to random searches of his computers, electronic devices, and peripherals.**

3. **The defendant shall have no unsupervised contact with minors.**

4. **The defendant shall have no contact with the victim in this case.**

5. **Comply with all referrals by the U.S. Probation Officer for in/out patient counseling, testing, and/or treatment for substance abuse problems.**

6. **The defendant shall participate in a mental health and/or sex offender treatment program approved by the U.S. Probation Office. The defendant shall abide by all program rules, requirements and conditions of the program.**

7. **Register as a sex offender in any state or jurisdiction where the Defendant lives, works or attends school. Report any changes in residence to the appropriate authority prior to moving and meet all requirements and assessment requirements required by that state.**

8. **The defendant shall not purchase, possess, use, distribute, or administer marijuana or obtain or possess a medical marijuana card or prescription. If the defendant is currently in possession of a medical marijuana card, he will turn it over immediately to the probation office.**

**6:20cr60033-001**

| | |
|---|---|
| (X) | Defendant ordered to pay total special assessment of $100.00, pursuant to *18 U.S.C. 3013*, for count 2 of the Indictment, which shall be due immediately, with payment to be made to:   ( )**U.S. Attorney**    (X)**U.S. Clerk.**  The defendant is found to be indigent, therefore the $5,000.00 special assessment is not applicable. |
| (X) | Oral Motion by USA to Dismiss Count(s) 1 and 3 of the Indictment - Granted. |
| (X) | Defendant advised of appeal rights. |
| (X) | Defendant remanded to custody of the United States Marshals Service. |
| (X) | The Court recommends confinement at Texarkana FCI. |

**DATE:  September 29, 2021**            **Proceeding began: 10:15 a.m.**
                                          **Proceeding ended: 11:20 a.m.**